

# NUMBER 13-20-00455-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALDO LIRA,                                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                 Appellee.

### On appeal from the 52nd District Court
### of Coryell County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

A jury convicted appellant Aldo Lira of the offense of delivery of a controlled substance penalty group one, namely methamphetamine, in an amount of one gram or more but less than four grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c). Lira received a sentence of fifteen years' confinement. Lira's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds

for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.[1]

## I. ANDERS BRIEF

Pursuant to *Anders v. California*, Lira's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id*. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Lira's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Lira's counsel has also informed this Court in writing that he has: (1) notified Lira that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided him with copies of both pleadings; (3) informed him of his rights to file a pro se response, to review the record preparatory to filing that response, and to seek

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals in Waco by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts); 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided him with a copy of the appellate record.[2] *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate amount of time has passed, and Lira has not filed a response.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief. We have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, Lira's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion

---

[2] On May 14, 2021, we granted Lira's motion for extension of time to file a response to the *Anders* brief. Lira has not filed a response.

.

to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Lira and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of August, 2021.

---

[3] No substitute counsel will be appointed. If Lira seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.